IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DALE MAURICE WILLIS, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) <br> ) | Civ. No. 07-00473-CV-W-NKL-P <br> Crim. No. 03-00021-01-CR-W-NKL |

ORDER

Pending before the Court is Movant Dale Willis's ("Willis") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Motion will be denied.

**I.     Background**

On January 21, 2003, Willis was charged in a one-count indictment that charged him with conspiracy to manufacture and distribute cocaine base ("crack") in CASE NO. 03-00021-CR-W-NKL, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 21 U.S.C. § 846. The Government offered Willis the opportunity to plead guilty to the original indictment with a recommended sentencing level of 34, which was not accepted. Willis claims that the exact contents of that plea offer were not timely or accurately disclosed to him by his attorney, Willis Toney ("Toney")  (Def. Brief, n.3).  On February 27, 2003,

1

Willis's original indictment was amended to include eleven more violations of federal narcotics laws. (Doc. # 25). On October 21, 2003, in the presence of his retained defense counsel, Mr. Toney, Willis changed his plea from not guilty to guilty for Count I of the superceding indictment before United States District Court Judge Nanette K. Laughrey. During the change of plea hearing, the judge asked Willis if he wished to plead guilty to Count I of the indictments and explained that count charged Willis with conspiracy to manufacture and distribute crack in excess of 50 grams. *Id.* Willis answered in the affirmative. (Plea Tr. 5). The judge informed Willis of the range of sentences carried by Count I, as well as the rights that he would be waiving by pleading guilty. (Plea Tr. 4-6). The judge specifically notified Willis that he would be sentenced according to the federal sentencing guidelines, but that under certain circumstances, the Court could depart upward or downward. (Plea Tr. 8). Willis further acknowledged that no promises as to the sentence had been made to induce his guilty plea. (Plea Tr. 8). In addition, Willis testified that Mr. Toney had explained and answered Willis's questions about his rights and had provided him a satisfactory representation. (Plea Tr. 7, 9). All of this testimony was given under oath. The judge found that Willis's plea was voluntarily given and accepted his plea agreement and ordered a presentence investigation. (Plea Tr. 12).

On January 5, 2004, Willis submitted a pro se motion to withdraw his guilty plea on the basis that his attorney, Mr. Toney, had failed to keep him sufficiently apprised of documents and information related to his case and had further failed to inform Willis of potential defenses he might raise if he should decide to reconsider his guilty plea and

2

proceed to a jury trial. (Doc. # 165). The Court held a hearing on Willis's motion, and informed him that, should he have a conflict with his counsel, the Court would appoint counsel on his behalf free of charge. (Doc. # 174). Willis indicated he wished to continue to be represented by Mr. Toney. *Id*. Willis then filed several objections to the presentence report: disputing that he led the conspiracy; denying that he participated in the conspiracy; denying that he resided at the North Kansas City, Missouri, address where substantial incriminating evidence was seized; denying his ownership of any of the incriminating evidence seized; objecting to evidence submitted by anonymous witnesses; objecting that the amount of drugs attributed to the conspiracy were not supported by evidence; denying that he directed minors to participate in the conspiracy; and denying the admission of old crimes to enhance his sentence. (Doc. # 166). After hearing the evidence, the Court overruled Willis's objections to the enhancements based on his role in the conspiracy, but sustained his objection to enhancement based on use of a minor in the conspiracy. (Doc. # 195). On April 16, 2004, the Court sentenced Willis to 405 months' imprisonment for conspiracy to distribute more than 50 grams of crack, followed by five years of supervised release with additional conditions. The Court also ordered Willis to pay to the United States criminal monetary penalties of $100. (Doc. # 197). Willis appealed his sentence to the Eighth Circuit Court of Appeals, which upheld the district court's sentencing determination. *United States v. Willis*, 433 F.3d 634 (8th Cir. 2006).

**II.    Discussion**

In his Section 2255 motion, Willis claims that he received ineffective assistance of counsel because Mr. Toney failed to 1) provide timely notice of a plea offer from the Government with a recommended sentencing level of 34; and 2) raise objections to his sentencing enhancements based on *Blakely v. Washington*, 542 U.S. 296 (2004), and/or *United States v. Booker*, 543 U.S. 220 (2005).  (Doc. # 1, Supplement, 2).  A prisoner is entitled to an evidentiary hearing on a Section 2255 motion unless the motion, files and records of the case conclusively show that the prisoner is not entitled to relief.  28 U.S.C. § 2255**;** *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)**.**  Accordingly, a petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *United States v. Rodriguez Rodriguez*, 929 F.2d 747, 749-50 (1st Cir. 1991); *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990) (evidentiary hearing not required if the facts alleged, taken as true, would not justify relief); *Smith v. United States*, 618 F.2d 507, 510 (8th Cir. 1980) (mere statement of unsupported conclusions will not suffice to command a hearing).

### A.     Failure to Notify of Government Plea Offer

In order to succeed on a claim of ineffective assistance of counsel, the Supreme Court has held that a petitioner must demonstrate (1) that his counsel's performance was constitutionally deficient and (2) that the deficiency prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Under the performance prong, the

4

petitioner must show that "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995). Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This showing must include an analysis of the probability that the relief would have been granted by the Court. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (holding that if there is no reasonable probability that the motion would have been successful, movant cannot prove prejudice). The court need not address both components if the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995) (citing *Strickland*, 466 U.S. at 697).

Willis has not shown any possibility of prejudice by the conduct of his defense counsel. Even if the Court accepted Willis's contention that Mr. Toney failed to convey the Government's original plea offer to Willis, he must show 1) that he would have accepted the original plea offer, and 2) thereby would have received a lighter sentence. *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992). The only evidence Willis has put forward that he would have accepted the Government's original plea is that "no one in their right mind" would knowingly accept a longer sentence than a shorter one. (Movant Reply Brief, 2). Willis must put forward "credible, non-conclusory evidence" that he would have received the benefit of the plea agreement but for his attorney's

5

representation.  *Sanders v. United States*, 341 F.3d 720, 723 (8th Cir. 2003).  The record is void of such evidence.  Willis did not "want to make the deal period," especially with an enhancement for firearms.  *Id*.  Willis came to the conclusion that he should have accepted the Government's original plea "regardless of [his] innocence." *Id*.  Hindsight statements are insufficient to establish that Willis would have accepted the Government's original plea offer.

Even if Willis persuaded the Court that he would have accepted the Government's original plea offer, Willis cannot establish that the resulting sentence would have been lighter.  Conspiracy to manufacture and distribute crack in excess of 50 grams carries a maximum sentence of a life term.  21 U.S.C. § 841(a)(1), (b)(1)(A).  Even if the Government recommended a lesser sentence, the district court is not bound by the Government's recommendations.  Fed. R. Crim. P. 11(c)(3)(b).  The district court specifically informed Willis that his range of punishment included life in prison and that he should not rely on any other understanding or assumption about his possible sentence. (Plea Tr. 14-15).  After hearing extensive evidence, the Court concluded that "Mr. Willis is a dangerous person in our community and has caused a lot of suffering" and sentenced Willis to 405 months, the top of his guidelines range.  *United States v. Willis*, 433 F.3d 634, 637 (8th Cir. 2006).  Willis has failed to provide evidence that the Court's sentence would have been more lenient if Willis had accepted the original plea agreement.

### B. Failure to Raise *Booker* or *Blakely* Objections

Willis next argues that his Sixth Amendment right to a jury trial was violated because Mr. Toney failed to raise objections to Willis's sentence enhancements found by the district court on the basis of the ruling of the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004) and/or *United States v. Booker*, 543 U.S. 220 (2005). At the time of Willis's sentencing, neither *Blakely* nor *Booker* had been decided. The Court, however, need not address whether Mr. Toney's failure to raise objections to Willis's sentence fell below an objective standard of reasonable competence. *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995). In order for Willis to prevail on this Section 2255 motion, he would still have to show a "reasonable probability" that the district court would have imposed a more lenient sentence under the now advisory guidelines. *United States v. Pirani*, 406 F.3d 543, 553 (8th Cir. 2005). It is well established that Willis received the top of the sentencing guidelines recommendation, and the inclination of the district court was to depart upward. There was no reasonable probability that the district court would have sentenced Willis more leniently. *United States v. Willis*, 433 F.3d 634, 637 (8th Cir. 2006).

### III. Conclusion

Accordingly, Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED.

IT IS SO ORDERED.

7

                                                <u>s/ Nanette K. Laughrey</u>
                                                NANETTE K. LAUGHREY
                                                United States District Judge

Dated: <u>October 2, 2007</u>
Jefferson City, Missouri